ADAM L. BRAVERMAN
United States Attorney
MEGHAN E. HEESCH
Minnesota Bar No. 0395912
Assistant United States Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 546-9442
Email: meghan.heesch@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MANUEL AGUSTIN RODRIGUEZ-SERNA,<br><br>Defendant. | Case No.: 18CR3739-GPC<br><br>DATE:     January 22, 2019<br>TIME:     2:00 p.m.<br>Hon. William Q. Hayes<br><br>**UNITED STATES' MOTION *IN LIMINE* TO ADMIT WIRETAP COMMUNICATIONS** |

COMES NOW the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, Adam L. Braverman, United States Attorney, and Meghan E. Heesch, Assistant United States Attorney, and hereby files the United States' Motion *in Limine* to Admit Wiretap Communications, which are based upon the files and records of this case.

## I.

## **STATEMENT OF THE CASE**

On August 22, 2018, an Indictment was filed in the Southern District of California against Manuel Agustin Rodriguez-Serna ("Defendant"), which alleges one count of International Conspiracy to Distribute Cocaine in violation of Title 21, United States Code, Sections 959, 960, and 963. The Indictment also charges Criminal Forfeiture. On November 15, 2018, Defendant was arrested in Arizona and immediately transferred to the

Imperial County Jail in El Centro, California. On November 16, 2018, Defendant made his initial appearance before U.S. Magistrate Judge Ruth Bermudez Montenegro. Defendant was arraigned on the Indictment and entered a plea of not guilty. His Motion Hearing is currently set for January 22, 2019.

## II.
## STATEMENT OF FACTS

In 2017, Homeland Security Investigations agents began investigating co-conspirators of the Defendant, including a high-volume money broker connected with several drug cartels in Mexico. Homeland Security agents began intercepting the Blackberry messages of these co-conspirators and learned that Defendant regularly coordinated the transportation of hundreds of kilograms of cocaine from Colombia and Venezuela to Honduras and Guatemala and further on to Mexico for eventual distribution into the United States. Additionally, Defendant facilitated the movement of millions of dollars in U.S. currency constituting drug proceedings.

Agents then obtained court ordered authorization to intercept Defendant's Blackberry messages beginning in September 2017 and lasting through April 2018, which revealed a treasure trove of information about his organization, including that he employs aircrafts, boats, and vehicles to transport cocaine. Defendant regularly sent photographs of airplanes and hydroplanes involved in the offense. In addition, Defendant's intercepted Blackberry communications revealed his leadership role in the distribution of cocaine. The investigation and wiretap interceptions led to several noteworthy seizures of cocaine (2800 kilograms in total) and U.S. currency ($1,200,000), which are attributable to Defendant and his organization. The intercepts confirmed Defendant's involvement in each seizure. For example, on November 23, 2017, Guatemalan authorities apprehended a hydroplane of Defendant's and seized $1.2 million in U.S. currency constituting drug proceeds. Following the seizure, Defendant messaged a co-conspirator that he was sending money on the plane and it fell in Guatemala. Defendant then sent numerous photos of law enforcement agents in Guatemala seizing the hydroplane.

# III.
# POINTS AND AUTHORITIES

A.  **MOTION TO ADMIT WIRETAP COMMUNICATIONS**

The bulk of the Government's evidence at trial will be the intercepted electronic communications of Defendant. Prior to trial, these communications will be copied onto the hard drive of a computer to allow easy access and playback of the recorded conversations during trial. Because there are no audio recordings, the jurors will be provided transcripts containing the certified Spanish to English translations of the wiretap communications. The transcripts will identify the participants in the conversations.

The foundation which must be laid for the introduction into evidence of recorded conversations is a matter largely within the discretion of the trial court, as there is no rigid set of foundation requirements. *United States v. Hollingshead*, 672 F.2d 751, 755, n.3 (9th Cir. 1982). The recorded conversations are admissible so long as they are relevant and properly authenticated. *See e.g.*, *United States v. Matta-Ballesteros*, 71 F.3d 754, 768 (9th Cir. 1995) (recorded conversation properly authenticated when government presented evidence that it had not tampered with the recording and that the speakers were parties involved in the case).

Recorded conversations are authenticated under Fed. R. Evid. 901(a) if "sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification." *Id.* (citation omitted). For example, in *United States v. Thomas*, 586 F.2d 123, 132 (9th Cir. 1978), a DEA agent testified that the voice on several tapes was that of the defendant. On appeal, the defendant argued that the DEA agent's testimony was improper opinion testimony by a lay witness. Id. at 133. The Ninth Circuit held this testimony was proper:

> Under Fed. R. Evid. 901(b)(5), voice identification to determine the admissibility of recorded conversations may be made by one who has heard the voice "at any time under circumstances connecting it with the alleged speaker." Lay opinion on this issue is permissible so long as the witness testifying has this requisite familiarity with the speaker.

*Id.* (citations omitted).

Similarly, Fed. R. Evid. 901(b)(6) sets forth an additional means of authenticating recorded telephone conversations:

> Telephone conversations [may be properly authenticated] by evidence that a call was made to the number assigned at the time by the telephone company to a particular person or business, if (A) in the case of a person, circumstances, including self-identification, show the person answering to be the one called . . . .

Thus, the identity of a telephone user may be established by self-identification of the user, coupled with additional evidence such as the context and timing of the telephone call, the contents of the statements challenged, internal patterns and other distinctive characteristics, and disclosure of knowledge of facts known peculiarly to the user. *United States v. Orozco-Santillan*, 903 F.2d 1262, 1266 (9th Cir. 1990); *United States v. Turner*, 528 F.2d 143 (9th Cir. 1975) (direct and circumstantial evidence may establish voice identification, and officer who worked wiretaps and talked with defendants at time of arrest could testify regarding voice identification, especially since he was subject to full and complete cross-examination).

Here, the United States will provide evidence establish Defendant was the user of the Blackberry Messenger PIN in a variety of ways. First, the agents can testify that they cross-referencing biographical information intercepted on the wire with U.S. State Department Visa Applications. For example, on Defendant's birthday (as provided by Defendant on his visa application), he received messages on Blackberry messenger wishing him a happy birthday. Additionally, agents intercepted group messages on other co-conspirators' Blackberry messages that gave Defendant's new PIN when he changed PINS. Finally, despite changing PINs, Defendant communicated with some of the same individuals' screen names over time.

Transcripts of these electronic communications will be provided to the jury with the English translations. The United States will provide formal and timely expert notice for an agent to testify about the coded language contained in the written intercepted communications.

//

## IV.
## CONCLUSION

The United States respectfully requests this motion *in limine* to admit wiretap communications be granted.

Dated: January 11, 2019

Respectfully Submitted,

ADAM L. BRAVERMAN
UNITED STATES ATTORNEY

*/s/Meghan E. Heesch*
MEGHAN E. HEESCH
Assistant U.S. Attorney

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MANUEL AGUSTIN RODRIGUEZ-SERNA,<br><br>    Defendant. | Case No.: 18CR3739-WQH<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, Meghan E. Heesch, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of United States' Motions *in Limine* on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

Alfred Donau, Esq.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants in this case:

None.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 11, 2019

/s/ Meghan E. Heesch
MEGHAN E. HEESCH